UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:
BRIAN S. WRONGE, : **MEMORANDUM**
: **DECISION AND ORDER**
Plaintiff, :
: 10 Civ.1224 (BMC)
- against - :
:
THE NEW YORK CITY DISTRICT COUNCIL :
OF CARPENTERS PENSION FUND, :
:
Defendant. :
-------------------------------------------------------- X

**COGAN**, District Judge.

This matter is before the Court on defendants' motion to dismiss under Rule 12(b)(6). Plaintiff originally brought this action in New York City Civil Court because the defendant benefit fund, a multiemployer plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, had released the funds in his annuity account to the Internal Revenue Service in response to an IRS tax levy on the account. Based on ERISA pre-emption, defendants removed the case to this Court.

Plaintiff contends that the account was exempt from levy under New York Civil Practice Law and Rule § 5205. That statute does not apply. First, it only exempts specified property from execution in satisfaction of judgments. This is a tax levy, not a creditor attempting to enforce a judgment. Second, even if the exemption applied in the absence of a judgment, both the New York Court of Appeals and the United States Court of Appeals for the Second Circuit have held that with regard to New York exemptions, "New York may not interfere with the power of Congress to levy, and then to collect, federal taxes on income." Fried v. New York Life Ins. Co.,

241 F.2d 504, 506 (2d Cir. 1957) (citing, In re Rosenberg's Will, 269 N.Y. 247, 199 N.E. 206 (1935). The Second Circuit noted in Fried that "[i]f Congress had provided in the Internal Revenue Code for such an exemption, or if Congress had adopted as exemptions under the Code the exemptions set forth under State law," then state law exemptions would apply to IRS levies. 241 F.2d at 506.

Congress has not provided for any recognition of state law exemptions with regard to IRS levies. In fact, with regard to levies on plan benefits like plaintiff's, federal law is to the contrary. The Internal Revenue Code permits levies on "all property and rights to property (except such property as is exempt under section 6334) ... ." 26 U.S.C. § 6331. The Second Circuit has noted, as the language of section 6334 reflects, that ERISA pension plans are not exempted from payment of taxes ... ." U.S. v. Irving, 452 F.3d 110, 126 (2d Cir. 2006).

Accordingly, defendants properly paid over the annuity funds pursuant to the IRS, and plaintiff may not maintain a claim against them for doing so.

## CONCLUSION

Defendants' motion to dismiss is granted.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

_____
U.S.D.J.

Dated: Brooklyn, New York
July 9, 2010

2